## SCHRAM v. SAGE et al.

### No. 3317.

District Court, E. D. Michigan, S. D.

Oct. 3, 1942.

Robert S. Marx and John A. Hird, both of Detroit, Mich., for plaintiff.

Griffin, Emery & Seely, of Detroit, Mich., for defendant Brandt.

Stanley E. Hathaway, of Detroit, Mich., for defendant Sage.

LEDERLE, District Judge.

█ Defendant Brandt, seven days after entry of judgment herein, having filed a petition for rehearing, which appears to be a motion to amend findings and conclusions under Rule 52(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, stating that there was no finding nor conclusion as to time of accrual of defendant Sage's cause of action to obtain from plaintiff possession of the involved personalty, defendant Brandt claiming such action to be barred either by laches or the Michigan Statute of Limitations, Section 13976, Compiled Laws of Michigan for 1929, because it accrued more than six years prior to this action, and the court having heard the arguments of counsel on said petition, and it appearing that plaintiff was in rightful possession of such personalty by virtue of the involved pledge agreement, and there being no showing nor claim of any demand by anyone for possession and refusal of plaintiff to surrender same, and the stipulation of facts specifically negativing any steps being taken by the junior pledgee to exercise his rights prior to July 31, 1939, which is less than two years before institution of this suit, from which it appears that the record herein does not show that defendant Sage's cause of action accrued more than six years prior to institution of this action, and there being in this record no fact or circumstance other than mere lapse of time in obtaining possession of the involved personalty or foreclosing the involved pledge from which laches could be found against defendant Sage within the definition appearing in Ripley v. Seligman, 88 Mich. 177, 50 N.W. 143; Quinn v. Tully, 174 Mich. 30, 140 N.W. 492, and collected cases appearing in 24 Words and Phrases, Perm.Ed., p. 79,

It is therefore ordered that the petition for rehearing be, and it is hereby, overruled.